980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lester Duva McDOUGHERTY, Defendant-Appellant.
 No. 90-50252.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lester Duva McDougherty appeals his conviction, following a stipulated-facts bench trial, for escape from federal custody in violation of 18 U.S.C. § 751. McDougherty contends that the district court erred by denying, without in camera review, his motion for discovery under Brady v. Maryland, 373 U.S. 86 (1963) regarding documents showing that prison officials allegedly assisted in his escape. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Generally, we review discovery questions for abuse of discretion. United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987). Nonetheless, "[w]e review de novo challenges to a conviction based on a Brady violation." United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 4
 "Prosecutors have a duty under due process to disclose evidence that is both favorable to the accused and material to either guilt or punishment." United States v. Streit, 962 F.2d 894, 900 (9th Cir.), cert. denied, 61 U.S.L.W. 3335 (U.S. Nov. 12, 1992) (No. 92-5919). "Failure to disclose such exculpatory ... evidence requires reversal if the evidence 'is material in the sense that its suppression undermines confidence in the outcome of the trial.' " Id. (quoting United States v. Bagley, 473 U.S. 667, 678 (1985)). Nevertheless, a defendant's mere speculations regarding materials in the prosecution's files does not require the district court to conduct an in camera search of the files for evidence favorable to the accused. Michaels, 796 F.2d at 1116 (no Brady violation where defendant speculated on information within the government's files and failed to show that the files contained significant materials not contained in typed summaries he already possessed which would be likely to affect the outcome of the trial); see also United States v. Lopez-Alvarez, 970 F.2d 583, 598 (9th Cir.) (no Brady violation where defendant's request for information was purely speculative and he failed to state how such information would exculpate him even if it did exist), cert. denied, --- U.S.L.W. ---- (U.S. Nov. 16, 1992) (No. 92-6195). "Brady does not establish a 'duty to provide defense counsel with unlimited discovery of everything known by the prosecutor.' " Michaels, 796 F.2d at 1116 (quoting United States v. Agurs, 427 U.S. 97 (1975)).
 
 
 5
 Here, McDougherty was incarcerated at the Metropolitan Detention Center (MDC). He escaped from the MDC by using a handmade rope to lower himself to the street level. McDougherty admitted that he did not have permission to leave the MDC. Subsequently, MDC guards arrested McDougherty.
 
 
 6
 Prior to trial, defense counsel filed a discovery motion for (1) audio or video tapes of the offense, (2) a list of percipient witnesses to the offense, and (3) documents showing complicity or involvement of any government employee or independent contractor in facilitating the offense. At a pretrial hearing, the following colloquy took place:
 
 
 7
 THE COURT: Now tell me, Ms. Gibbons [defense counsel], let's assume that the court ordered Mr. Emmick [prosecutor] to give you all of that information and they actually were investigating two guards, let's say, who allegedly took money to let the defendants--to help the defendants in getting out. Now what would you do with that in a trial?
 
 
 8
 MS. GIBBONS: First of all, I would have to assess what roles those individuals has within the M.D.C., what their level of authority was, who they were.
 
 
 9
 THE COURT: Do you have any reason to believe that there is somebody over there who opened the door to let them out--who had authority to do it?
 
 
 10
 MS. GIBBONS: The government has been very coy with releasing the information that they do have regarding complicity. At this point I feel that it is my obligation to seek the information that the government has because there is certainly a theory under which [sic] it could be exculpatory.
 
 
 11
 THE COURT: Well--
 
 
 12
 MS. GIBBONS: I cannot say at this moment because I don't have access to what the Government says that it is or is not--does not fit within the specific cases.
 
 
 13
 (RT 4/9/90 at 10-11). Following further argument by both sides, the district court granted the motion except as to any documents showing complicity by government officials or independent contractors.
 
 
 14
 Because McDougherty merely speculated on information in the government files and failed to show how such information would exculpate him, if it did exist, the district court did not err by finding that he was not entitled to such information under Brady. See Lopez-Alvarez, 970 F.2d at 598; Michaels, 796 F.2d at 1112.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3